# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE:<br><br>STEPHANIE D. BROWN,<br>Debtor | Case No. 05-12431-ANV<br>Chapter 13 |
| STEPHANIE D. BROWN,<br>Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and WELLS FARGO BANK, N.A., AS TRUSTEE OF THE AEGIS ASSET BACKED SECURITIES TRUST 2004-3,<br>Defendants. | A.P. No. 05-01052 |

## MEMORANDUM IN SUPPORT OF MOTION OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND WELLS FARGO BANK, N.A. FOR LEAVE TO APPEAL

Now come the Defendants, Mortgage Electronic Registration Systems, Inc. ("MERS"), and Wells Fargo Bank, N.A., as Trustee of the Aegis Asset Backed Securities Trust 2004-3 ("Wells Fargo"; together with MERS referred to collectively herein as the "Defendants"), and, pursuant to 28 U.S.C. § 158(a) and Fed. R. Bankr. P. 8001(b) and 8003, hereby submit this Memorandum of Law in support of their Motion for Leave to Appeal. The Defendants move for leave to appeal the Order Denying Motion/Application (doc#17) After Hearing entered by this Court on December 7, 2005 and denying the Defendants' Motion to Compel Arbitration and/or Mediation and to Dismiss Case.

## STATEMENT OF THE FACTS

1. On May 20, 2004, Stephanie D. Brown (the "Debtor") and Margaret

Nicholas ("Ms. Nicholas") (the Debtor and Ms. Nicholas are sometimes collectively referred to as the "Borrowers") executed an Adjustable Rate Note in favor of Aegis Lending Corporation ("Aegis") in the original principal amount of $195,000 (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit A.

2. To secure the repayment of the Note, the Borrowers granted MERS, as nominee for Aegis, a mortgage (the "Mortgage") on the property located at 12 Kilburn Court, Newport, Rhode Island (the "Property"). A true and correct copy of the Mortgage is attached hereto as Exhibit B.

3. Wells Fargo is the current holder of the Note.

4. Section 26 of the Mortgage provides that any disputes or controversy relating to the Note, the Mortgage or the transaction shall be subject to mediation and arbitration in accordance with the terms of that section. The Mortgage then states the express procedures for mediation and arbitration. The Mortgage states that arbitration of any such dispute is governed by the Federal Arbitration Act (the "FAA").

5. At the time of the execution of the Note and the Mortgage, the Borrowers also executed a Mediation or Arbitration Disclosure, which disclosed that "disputes regarding your home loan are subject to the mediation and arbitration terms set forth in" the Mortgage. A true and correct copy of the Mediation or Arbitration Disclosure is attached hereto as Exhibit C.

6. On or about June 29, 2005, the Debtor filed a Chapter 13 bankruptcy petition.

7. On July 15, 2005, MERS filed a Proof of Claim asserting a secured claim in the amount of $211,314.66 (the "Proof of Claim").

8. On or about August 3, 2005, the Debtor filed an Adversary Proceeding Complaint (the "Complaint") against MERS alleging violations of the Truth-in-Lending Act ("TILA") (the "Adversary Proceeding"). In the Complaint, the Debtor seeks declaratory judgment from the Court deeming and declaring that the loan violates the disclosure requirements of TILA, deeming and declaring that the Mortgage is void and the Note wholly unsecured, deeming and declaring that the Debtor is not liable for any finance charges or other charges, and praying for an award of statutory damages and costs.

9. On August 31, 2005, MERS filed a Motion to Dismiss on the grounds that the Complaint filed to state a claim against MERS, as MERS is not the owner of the actual obligations, nor has it ever been (the "Motion to Dismiss"). The Debtor objected to the Motion to Dismiss. After hearing held on September 29, 2005, the Court denied the Motion to Dismiss, without prejudice.

10. On September 28, 2005, the Debtor filed a Motion to Amend Complaint (the "Motion to Amend") and an amended complaint naming Wells Fargo as an additional defendant. On October 26, 2005, the Court granted the Motion to Amend.

11. At no time have the parties mediated or arbitrated the disputes at issue in the Adversary Proceeding.

12. On November 2, 2005, the Defendants filed a Motion to Compel Mediation/Arbitration and to Dismiss Case on the grounds that the mediation and arbitration clause in the Mortgage should be enforced (the "Motion"). A true and correct copy of the Motion is attached hereto as <u>Exhibit D</u>. The Debtor filed an objection to the Motion (the "Objection"). A true and correct copy of the Objection is attached hereto as <u>Exhibit E</u>. On

December 7, 2005, the Court heard oral argument on the Motion and entered the Order Denying Motion/Application (doc#17) After Hearing (the "Order"). A true and correct copy of the Order is attached hereto as Exhibit F. The Court refused to compel arbitration and/or mediation and ruled that the Court would allow the litigation to proceed.

13. The Defendants now wish to appeal the Order, and have filed a Notice of Appeal, Notice of Election and the within Motion in Support of Motion for Leave to Appeal.

**STATEMENT OF QUESTIONS AND OF RELIEF SOUGHT**

A. Whether the Motion for Leave to Appeal should be granted because the Order is appealable as of right under the FAA.

B. The Defendants seek an order granting them leave to appeal and an order reversing the Order, dismissing the Adversary Proceeding, and compelling mediation and/or arbitration.

**STATEMENT OF REASONS WHY APPEAL SHOULD BE GRANTED**

**A. Standard of Review**

Title 28 U.S.C. § 158(a) states that the district courts shall have the jurisdiction to hear appeals from (i) final judgments, orders and decrees, (ii) from interlocutory orders and decrees issued under particular sections of the Bankruptcy Code set forth therein, and (iii) with leave of court, from other interlocutory orders and decrees. Pursuant to Fed. Bankr. R. P. 8001(b), an appeal from an interlocutory judgment shall be taken by filing a notice of appeal accompanied by a motion for leave to appeal prepared in accordance with Rule 8003.

Notwithstanding the above provisions on appeals, the FAA provides that "an appeal may be taken from. . . an order denying a petition under section 4 of this title to order

arbitration to proceed." 9 U.S.C. § 16(a)(1). The presumption in favor of arbitration established by the FAA "is a powerful one". Johnson v. West Suburban Bank, 225 F.3d 366, 369 (3rd Cir. 2000), cert. denied, 121 S.Ct. 1081 (2001). As a result, the FAA provides the right to an immediate appeal where arbitration is denied.

Because 28 U.S.C. § 158 and Fed. R. Bankr. P. 8001 and 8003 do not address the method of appeal where the right to appeal is statutory in nature, the Defendants have filed both a Notice of Appeal and a Motion for Leave to Appeal to fully preserve their rights. Nevertheless, the Defendants believe that the appeal of the Order is one of right and so the Court should therefore grant the within motion. In In re Nat'l Gypsum Co., 118 F.3d 1056, 1062 (5th Cir. (N.D. Tex.) 1997), the court noted that a motion denying arbitration and refusing to stay and/or dismiss the case pending arbitration, "though inherently interlocutory in nature, is nevertheless appealable because of section 16 of the Federal Arbitration Act." The court further reasoned that Section 16 "promotes arbitration by permitting interlocutory appeals of orders favoring litigation over arbitration and precluding review of interlocutory orders that favor arbitration." Id. (*citing* McDermott Int'l, Inc. v. Underwriters at Lloyd's Subscribing to Memorandum of Ins. No. 104207, 981 F.3d 744, 746-747 (5th Cir. 1993). The Court thus concluded that it had jurisdiction over the appeal. Similarly, in American Casualty of Reading, PA Co. v. L-J, Inc., 35 F.3d 133, 135 (4th Cir. (D.S.C.) 1994), the court held that the FAA authorized an "immediate appellate review" of an order denying a motion to compel arbitration. The court explained that "it matters not whether these orders are final or interlocutory because orders that favor litigation over arbitration are 'immediately appealable, even if interlocutory in nature". Id., *citing*, Stedor Enterprises, Ltd. v. Armtex, Inc., 947 F.2d 727, 730 (4th Cir. 1991).

Thus, based on all of the above, the Order is appealable as of right, pursuant to the FAA, and the within motion should be allowed.

**CONCLUSION**

WHEREFORE, the Defendants prays that this Honorable Court grant them leave to appeal the Order entered December 7, 2005, and for such other and further relief as this Court deems just and equitable.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND WELLS FARGO BANK, N.A., AS TRUSTEE OF THE AEGIS ASSET BACKED SECURITIES TRUST 2004-3

By their Attorneys,

PARTRIDGE, SNOW & HAHN, LLP

/s/ Charles A. Lovell
Charles A. Lovell (#4004)
180 South Main Street
Providence, RI 02903
(401)861-8200/FAX(401)861-8210
cal@psh.com

Dated: December 15, 2005

831764_1/999998-75