UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

**IN RE:**

**STEPHANIE D. BROWN,**
**Debtor**

**Case No. 05-12431-ANV**
**Chapter 13**

---

**STEPHANIE D. BROWN,**
**Plaintiff,**

FILED DEC 23 '05 12:51 USBCRI

**v.**

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and WELLS FARGEO BANK, N.A., AS TRUSTEE OF THE AEGIS ASSET BACKED SECURITIES TRUST 2004-3,**
**Defendants.**

**PLAINTIFF'S OBJECTION TO DEFENDANTS'; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,and WELLS FARGEO BANK, N.A., AS TRUSTEE OF THE AEGIS ASSET BACKED SECURITIES TRUST 2004-3; MOTION FOR LEAVE TO APPEAL**

Now comes Plaintiff, Stephanie D. Brown, and hereby objects to Defendants' motion for leave to appeal the Order Denying Motion/Application (doc#17) After Hearing entered by this Court on December 7, 2005 and denying Defendants' Motion to Compel Arbitration and/or Mediation and to Dismiss Case. As grounds for her objection, Plaintiff relies on the attached Memorandum filed herewith and incorporated herein by reference.

2

Wherefore, Plaintiff prays that this Honorable Court deny Defendants' leave to appeal the Order entered on December 7, 2005.

Plaintiff:
Stephanie D. Brown

By her Attorney,

Jeffrey T. Dana, Esq. (#5580)
R.I. Legal Services, Inc.
56 Pine Street, Fourth Floor
Providence, RI 02903
(401) 274-2652x137
(401) 453-0310 Fax

**Certificate of Service**

I hereby certify that a copy of the Plaintiff/Debtor's Objection to Defendant's Motion for Leave to Appeal and accompanying Memorandum were mailed to John Boyajian, Esq., Boyajian, Harrington & Richardson, 182 Waterman St., Providence, RI 02906; Charles A. Lovell, Esq., Partridge, Snow & Hahn, 180 South Main Street, Providence, RI 02903 on the 23rd day of December, 2005.

FILED DEC 28 2005 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

**IN RE:**

**STEPHANIE D. BROWN, Debtor** — **Case No. 05-12431-ANV Chapter 13**

---

**STEPHANIE D. BROWN,**
**Plaintiff,**

**v.**

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and WELLS FARGO BANK, N.A., AS TRUSTEE OF THE AEGIS ASSET BACKED SECURITIES TRUST 2004-3,**
**Defendants.**

FILED DEC 23 '05 12:51 USBCRI

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS'; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,and WELLS FARGO BANK, N.A., AS TRUSTEE OF THE AEGIS ASSET BACKED SECURITIES TRUST 2004-3; MOTION FOR LEAVE TO APPEAL**

The Bankruptcy Code provides for one forum to resolve all disputes affecting the administration of a party's bankruptcy estate, with the goal of swift adjudication of claims brought by and against the estate. In re Hemphill Bus Sales, Inc., 259 B.R. 865 (Bankr. E.D. Tex. 2001); In re Slipped Disc, Inc., 245 B.R. 342, 344 (Bankr. N.D. Iowa 2000); In re Trident Shipworks, Inc., 243 B.R. 130, 132 (Bankr. M.D. Fla. 1999). For this reason, most courts have

held that even when the parties have signed an arbitration agreement, if the issue under dispute is a core proceeding in the bankruptcy, the bankruptcy court has discretion in determining whether to refuse to compel arbitration. In re United States Lines, Inc., 197 F.3d 631, 640 (2nd Cir. 1999), *see also*, In re Guild Music Corp., 100 B.R. 624 (Bankr. D.R.I. 1989)(court retains discretion to decline to enforce arbitration even as to non-core matters).

The federal presumption that valid arbitration agreements should be enforced is often in direct conflict with the goal of bankruptcy jurisdiction to have one centralized forum for the prompt resolution of disputes affecting the bankruptcy estate. Zimmerman v. Continental Airlines, Inc., 12 F.2d. 55 (3d Cir. 1983); In re Hemphill Bus Sales, Inc., 259 B.R. 865 (Bankr. E.D. Tex. 2001); In re Knepp, 229 B.R. 821 (Bankr. N.D. Ala. 1999)(court finds "inherent conflict" between FAA and Bankruptcy Code).

On December 7, 2005 the Bankruptcy Court correctly resolved the conflict between the Bankruptcy Code and the Federal Arbitration Act (FAA) when it used its discretionary power to retain jurisdiction of this case. The same reasoning applied by the Court in rejecting Defendants' motion to compel arbitration should be applied to the analysis of whether to accept or reject Defendants' motion for leave to appeal the decision rendered on December 7, 2005. In rejecting Defendants' motion to compel arbitration, the foundation for the Bankruptcy Court's decision rested on the premise that, when the FAA and the Bankruptcy Code are in conflict, the Bankruptcy Court has discretion whether to retain jurisdiction and, moreover, that it *should* retain jurisdiction so that (particularly) core proceedings are adjudicated in one forum. If Defendants are granted leave to appeal a ruling on what is clearly an interlocutory order, it would be to ignore the very foundation upon which the Bankruptcy Court's decision on the order being appealed rests.

Cases cited by Defendants in their memorandum in support of their motion cite the FAA and the FAA's provision which normally would support Defendants' right to appeal a decision denying a motion to compel arbitration. However, the majority of the cases cited do not involve the appeal of a bankruptcy court decision refusing to compel arbitration, and none of the decisions squarely address the issue presented here concerning the conflict between the appeal provision of the FAA and the federal jurisdictional statute governing bankruptcy appeals, 28 U.S.C. § 158. Therefore, the reason why Defendants' motion should be denied was not at issue in those cases.

An appeal from the bankruptcy court may be taken with respect to a final order. 28 U.S.C. § 158. It may also be taken from an interlocutory order, if leave is granted. However, it takes exceptional circumstances to justify an interlocutory appeal. In re National Shoes, 20 B.R. 672 (B.A.P. 1st Cir. 1982). A final order is "one which ends the litigation… and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229 (1945); In re Boca Arena, 184 F.3d 1285 (11th Cir. 1999) (order that does not dispose of all claims of all parties not a final order); In re Cont'l Airlines, Inc., 932 F.2d 282 (3d Cir. 1991) (various factors applicable to determination of whether a bankruptcy order is final include impact of issue on assets of bankruptcy estate, whether fact-finding is complete, preclusive effect of decision on merits and judicial economy).

An order withdrawing a case to district court and changing venue has been held nonappealable. In re Pruitt, 910 F.2d 1160 (3d Cir. 1990) (order withdrawing reference nonappealable, but mandamus would issue where district court improperly withdrew reference after bankruptcy court had already dismissed case); In re Dalton, 733 F.2d 710 (10th Cir. 1984). See also In re U.S. Lines, 216 F.3d 228 (2d Cir. 2000) (determination concerning venue for

claims against debtor not final order). An order refusing to withdraw the reference is also generally not considered a final order and is nonappealable. In re The Kissel Company, 105 F.3d 1324 (9th Cir. 1997); Allegheny Int'l v. Allegheny Ludlum Steel Corp., 920 F.2d 1127 (3d Cir. 1990); Matter of Lieb, 915 F.2d 180 (5th Cir. 1990); Matter of Memorial Estates, 837 F.2d 762 (7th Cir. 1988); In re Chateaugay Corp., 826 F.2d 1177 (3d Cir. 1987). See also In re King Memorial Hospital, 767 F.2d 1508 (11th Cir. 1985) (order withdrawing reference of adversary proceeding). These nonappealable orders are similar to the one entered by this Court refusing to compel arbitration in that they address the question of which forum should hear the adversary proceeding or contested matter.

Wherefore, Plaintiff prays that this Honorable Court deny Defendants' motion for leave to appeal the Order entered in this matter on December 7, 2005.

Plaintiff:

Stephanie D. Brown

By her Attorney,

Jeffrey T. Dana, Esq. (#5580)
R.I. Legal Services, Inc.
56 Pine Street, Fourth Floor
Providence, RI 02903
(401) 274-2652x137
(401) 453-0310 Fax