UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE:
STEPHANIE BROWN,
Debtor

Case No. 05-12431-ANV
Chapter 13

A.P. No. 05-01052

STEPHANIE D. BROWN,
Plaintiff,

v.

C.A. No. 05-523S

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and WELLS FARGO BANK, N.A., AS TRUSTEE OF THE AEGIS ASSET BACKED SECURITIES TRUST 2004-3,
Defendants.

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, United States District Judge.

In this motion, the Court is asked to decide if a party may appeal an interlocutory order of the Bankruptcy Court that denies parties access to arbitration, allegedly in violation of the Federal Arbitration Act ("FAA"). Both the present motion and the underlying question draw into focus an apparent conflict between two federal statutes: the Bankruptcy Code, 28 U.S.C. § 158(a)(3) and the FAA, 9 U.S.C. § 16(a)(1).

Plaintiff filed a Chapter 13 bankruptcy proceeding on June 29, 2005. Plaintiff also commenced an Adversary Proceeding within the

bankruptcy case, alleging violations of the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and seeking a declaratory judgment from the court that a home mortgage loan violates disclosure provisions of TILA. Shortly thereafter, Defendants filed a Motion to Compel Mediation/Arbitration and to Dismiss Case, seeking to enforce a mediation and arbitration clause ("arbitration clause") contained in the mortgage loan. On December 7, 2005, Bankruptcy Judge Arthur N. Votolato issued an Order ("the Order") denying Defendants' Motion to Compel Mediation/Arbitration and to Dismiss Case.[1]

Given the apparent conflict presented, Defendants took a belt and suspenders approach, filing both a Motion for Leave to Appeal as well as a Notice of Appeal. Defendants' Motion for Leave to Appeal seeks appeal as a matter of discretion under 28 U.S.C. § 158(a)(3) of the Bankruptcy Code, but asserts entitlement to appeal as a matter of right under 9 U.S.C. § 16(a)(1) of the FAA. Although the right to appeal under the FAA appears in conflict with the Bankruptcy Code, which provides only for discretionary appeals of interlocutory orders, the conflict is more apparent than real in this case. This is so because Defendants meet the threshold requirements for both. Since this is not a situation where the

---

[1] The Order did not state the basis for the denial, but rather referred to "reasons stated by the Court in its bench decision."

provisions conflict, it is unnecessary for this Court to reach the question of which statute would prevail and this Court declines to reach that question.

1. The FAA

The FAA provides for immediate appeals from orders "refusing a stay" of litigation in favor of arbitration and from orders denying motions to compel arbitration. 9 U.S.C. § 16(a)(1)(A)-(C). The Order from which Defendants seek to appeal refused to compel arbitration, favoring litigation over arbitration. Several courts have held that even in the context of a bankruptcy proceeding, parties seeking appeal from orders favoring litigation over arbitration are entitled to do so as a matter of right under the FAA. See, e.g., Matter of Nat'l Gypsum Co., 118 F.3d 1056, 1061 (5th Cir. 1997) ("A bankruptcy court's refusal to stay an adversary proceeding pending arbitration, though inherently interlocutory in nature, is nevertheless appealable because of section 16 of the [FAA]."); In re Kaiser Group Int'l, Inc., 307 B.R. 449, 454 (D. Del. 2004) (Section 16 of the FAA provides appellate jurisdiction of orders denying motions to compel arbitration.).

This makes perfect practical sense. If Defendants' contention is correct (that the TILA dispute should be resolved in arbitration), then it makes no sense to force the parties to wait until the outcome of the bankruptcy matter for an appellate review

of the order denying arbitration. This could result in conflicting rulings, unreasonable delay, and wasted judicial resources. Moreover, the command of Section 16 could not be much clearer. It provides immediate appeal, as a right, of any order favoring litigation over arbitration.

2. The Bankruptcy Code

Application of the Bankruptcy Code's standard also entitles Defendants to an appeal of the Order. Under the Bankruptcy Code, parties seeking to appeal an interlocutory order issued by a Bankruptcy Judge must comply with 28 U.S.C. § 158(a)(3), which requires leave of court. Because this statute provides no guidance on how district courts should decide whether or not to grant leave to appeal, courts in this Circuit look to the factors set forth in 28 U.S.C. § 1292(b), the standard applied for a district judge to certify an interlocutory appeal to the Court of Appeals. See In re Advanced RISC Corp., 317 B.R. 455, 456 (D. Mass. 2004); In re Jackson Brook Inst., Inc., 280 B.R. 1, 4 (D. Maine 2002); In re Bank of New England Corp., 218 B.R. 643, 652 (1st Cir BAP 1998); Northeast Savings, F.A. v. Geremia, 191 B.R. 275 (D.R.I. 1996). "In determining whether to hear a discretionary, interlocutory appeal from an order of a bankruptcy court, the district court considers: 1) whether the order involved controlling questions of law, 2) whether there exists a substantial ground for difference of

opinion and 3) whether immediate appeal from the order might materially advance the ultimate termination of the litigation." Advanced RISC, 317 B.R. at 456.

Applying these three factors to the present matter, Defendants are permitted to appeal. First, the Order Defendants seek to appeal involves a question of law, specifically, whether or not the arbitration clause in a mortgage must be enforced within the context of a bankruptcy proceeding. See In re Gandy, 299 F.3d 489, 494 (5th Cir. 2002) ("Whether a bankruptcy court has discretion to deny a motion to stay a bankruptcy proceeding pending arbitration is a question of law . . . ."). Second, substantial ground exists for different opinions on this question. While Judge Votolato declined to enforce the arbitration clause, Defendants have provided this Court with competing (and recent) authority to the contrary. See Mintze v. Am. Gen. Fin. Servs., Inc., 434 F.3d 222, (3rd Cir. 2006) (concluding that the Bankruptcy Court lacked authority to deny enforcement of home equity loan arbitration clause, where debtor asserted TILA claims, because no inherent conflict existed between arbitration and the Bankruptcy Code); MBNA America Bank, N.A., v. Hill, — F.3d —, 2006 WL 172213, at *6 (2d Cir. Jan. 25, 2006) (absent a finding of inherent conflict between the Arbitration Act and the Bankruptcy Code, "the bankruptcy court did not have discretion to deny the motion to stay or dismiss the

proceeding in favor of arbitration"). In addition, the parties agree that the First Circuit has yet to decide the question.

Third, if this Court did not hear Defendants' appeal, then Defendants would have to wait until the termination of the bankruptcy proceeding to seek review of the Order. If the Order were then reversed, because the arbitration clause should have been enforced, then the order of the Bankruptcy Court would be subject to being vacated and entire dispute would have to be remanded back to the Bankruptcy Court and relitigated. Therefore, as a practical matter, prompt final determination of whether or not the arbitration clause should be enforced <u>will</u> materially advance the termination of the litigation.

Under both the FAA, 9 U.S.C. § 16(a)(1), and the Bankruptcy Code, 28 U.S.C. § 158(a)(3), Defendants are permitted to appeal Judge Votolato's December 7, 2005 Order denying their Motion to Compel Mediation/Arbitration and to Dismiss Case. Accordingly, Defendants' Motion for Leave to Appeal is GRANTED.

The following schedule shall govern Defendants' appeal:

1. Defendants' Memorandum in support of its appeal is due on March 15, 2006.
2. Plaintiff's Memorandum in Opposition to Defendants' Appeal is due on March 30, 2006.

3. Defendants' Reply Memorandum is due on April 14, 2006.

By Order:

Deputy Clerk

Enter:

William E. Smith
United States District Judge

DATE: 2/14/06